# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAURY TULLIS and RAURICUS, LLC<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL HOLT and MICHAEL J HOLT ENTERPRISE CORP. d/b/a Aura Entertainment<br><br>　　　　Defendants. | Case No. |

## COMPLAINT

Plaintiffs Raury Tullis ("Tullis") and Rauricus, LLC ("Rauricus") (collectively, "Plaintiffs") state the following Complaint against Defendants Michael Holt ("Holt") and Michael J Holt Enterprise Corp. d/b/a Aura Entertainment ("Aura Entertainment") (collectively, "Defendants").

### SUBSTANCE OF THE ACTION

1.　　This is an action for copyright infringement pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 et seq., and a declaration of ownership of copyrights pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and for conversion under Georgia law.

## PARTIES

2.  Tullis is an individual residing in Stone Mountain, Georgia.

3.  Rauricus, LLC is a limited liability company wholly owned by Tullis and organized under the laws of the State of Delaware with its principal place of business in Stone Mountain, Georgia.

4.  On information and belief, Holt is an individual residing at 45 Waltham Street, Calumet City, Illinois 60409.

5.  On information and belief, Aura Entertainment is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 45 Waltham Street, Calumet City, Illinois 60409. On information and belief, Aura Entertainment also is doing business under the names Welcome Chi City and Thank You Chi City.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and this action is between citizens of different states. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Holt because Holt transacts business within Georgia and a substantial part of the events giving rise to the claims occurred in Georgia.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

9. Tullis is an Atlanta-based recording artist. On or about January 5, 2013, Tullis entered a recording studio in Atlanta to record several master sound recordings, including a master embodying a musical composition that he wrote in its entirety in 2012 titled *God's Whisper* (the "Musical Composition"). Holt was a recording engineer, and acted solely as a recording engineer, during these sessions in early January.

10. Tullis entered the same studio again in early February, and over a few days, Tullis continued working on recording the *God's Whisper* master. Holt also acted solely as a recording engineer during these sessions (collectively, the "Sessions").

11. By directing, controlling, selecting, and deciding on all aspects of the recording session and recording process, Tullis acted as the sole producer during the Sessions.

12. After the Sessions, all of the stems (which are the separate parts of an audio production) for the *God's Whisper* master had been recorded. And in late summer of 2013, all stems for the *God's Whisper* track had been mixed with the exception of a drum stem created by Holt (the "Holt Drum Stem"). Holt had agreed to provide the Holt Drum Stem for use on the master but then failed to deliver the stem as agreed upon.

13. Due to Holt's refusal to provide the Holt Drum Stem, a new and entirely original drum stem (the "New Drum Stem") was created for the *God's Whisper* master. All stems, including the New Drum Stem, were mixed and mastered into the final version of the recording in or around August 2013 (the "Sound Recording").

14. The Holt Drum Stem was not included in the Sound Recording. At no point did Holt contribute any copyrightable authorship to the Musical Composition or the Sound Recording.

15. Tullis has entered into a publishing agreement with Rauryindigo, LLC, Tullis's wholly owned music publishing company, in which Tullis transferred his exclusive copyright interest in the Musical Composition in exchange for royalties from the exploitation of the Musical Composition. Tullis currently is the beneficial owner of the copyright in the Musical Composition.

16.     Rauricus was the exclusive owner of copyright in the Sound Recording by operation of law and written agreements with a vocalist and other musicians who also performed on the Sound Recording. Tullis, through Rauricus, entered into a recording agreement with Columbia Records, a record label and imprint of Sony Music Entertainment, in which Rauricus transferred its exclusive copyright interest in the Sound Recording to Columbia Records in exchange for royalties from the exploitation of the Sound Recording. Rauricus currently is the beneficial owner of the copyright in the Sound Recording.

17.     Notwithstanding Plaintiffs' ownership interests in the Musical Composition and Sound Recording, Defendants have purported to authorize third parties to use the Musical Composition and Sound Recording, including in an audiovisual work that was posted on YouTube titled *The North Face: Mica to Greenland*.

18.     Defendants also are performing the Sound Recording and Musical Composition publicly from their website, www.michaelholtandthechildren.com. A printout from Defendants' website where the works are being performed is attached as Exhibit A. Defendants do not have a license to perform the Musical Composition or Sound Recording publicly.

19. Holt also fraudulently filed applications to register the Musical Composition and Sound Recording under his own name in which he falsely claimed to own a fifty percent (50%) ownership interest in both works as a joint owner. These applications have passed to registration and have been issued the registration numbers PAu003717823 and SRu001172106. Printouts from the Copyright Office website are attached to this Complaint as Exhibit B.

20. Holt also registered the Musical Composition with the American Society of Composers, Authors, and Publishers ("ASCAP") claiming one hundred percent (100%) ownership in the work. A printout from the ASCAP website is attached to this Complaint as Exhibit C.

21. Defendants also have contacted Apple iTunes falsely claiming an ownership interest in the Sound Recording and have fraudulently misrepresented to numerous other third parties that they own a copyright interest in the Musical Composition and Sound Recording.

22. Defendants also were given money by Plaintiffs in order to have a track that was recorded during the Sessions mixed, but Defendants did not have such track or any other track mixed, nor did Defendants return the funds previously provided to Defendants for the sole purpose of having a track mixed.

23.     Defendants, thus, have unlawfully converted sums that belong to Plaintiffs for Defendants' own benefit and gain because the sums were paid for services that were never provided.

## FIRST CLAIM
## (Copyright Infringement)

24.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

25.     Tullis is the beneficial owner of the copyright in the Musical Composition.

26.     This work is the subject of a subsisting copyright registration held by Tullis, Registration No. PA0001912215. A printout from the Copyright Office website is attached as Exhibit D.

27.     By streaming *God's Whisper* from their website, Defendants have directly infringed the exclusive right to reproduce the work, 17 U.S.C. § 106(1), and the exclusive right to perform the work publicly, 17 U.S.C. §§ 106(4).

28.     In addition, by purporting to authorize third parties to use the work, Defendants are contributory infringers of Tullis's rights under 17 U.S.C. § 106.

29.     Defendants' actions were willful and deliberate.

30. Unless enjoined by this Court, Defendants' acts of copyright infringement will continue to cause Tullis to sustain irreparable harm, for which Tullis has no adequate remedy at law.

31. Pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502, Tullis is entitled to injunctive relief to prevent Defendants from further infringements.

32. Pursuant to Section 504 of the Copyright Act, 17 U.S.C. § 504, Tullis is entitled to recover from Defendants the damages he has sustained and any profits obtained by Defendants as a result of or attributable to the infringement; or, at Tullis's election, statutory damages for infringement of the Musical Composition commencing after the effective date of the registration.

33. Pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, Tullis is entitled to recover his costs of litigation, including attorneys' fees for any infringement commenced after the effective date of the registration.

## SECOND CLAIM
### (Declaratory Judgment)

34. Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

35. There is an actual and justiciable controversy between Plaintiffs and Defendants regarding copyright ownership in the Musical Composition and the Sound Recording.

8

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiffs request that this Court enter a judgment that Defendants do not own, in whole or in part, any copyright interest in either the Musical Composition or Sound Recording.

37. Pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, Plaintiffs are entitled to recover their costs of litigation, including attorneys' fees.

### THIRD CLAIM
### (Conversion)

38. Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

39. Defendants were given money by Plaintiffs in order to have a track that was recorded during the Sessions mixed, but Defendants did not have such track or any other track mixed, nor did Defendants return the funds previously provided to Defendants for the sole purpose of having a track mixed.

40. Defendants unlawfully converted to their own benefit and gain these sums, which are the property of Plaintiffs.

41. Plaintiffs demand judgment against Defendants for such amount to be proven at trial plus interest and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

a) Enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants (the "Related Parties"), and all those in active concert and participation with Defendants, from:

i. reproducing, distributing, publicly performing, publicly displaying, and/or preparing derivative works based upon the Musical Composition and/or the Sound Recording, or otherwise infringing Plaintiffs' rights in the Musical Composition and/or the Sound Recording;

ii. purporting to authorize others to reproduce, distribute, publicly perform, publicly display, and/or prepare derivative works based upon the Musical Composition and/or the Sound Recording, or otherwise infringe Plaintiffs' rights in the Musical Composition and/or the Sound Recording;

iii. making any representation of any kind that suggests that any of the Defendants and/or Related Parties own a copyright interest in or have a right to license the Musical Composition and/or Sound Recording; and

iv. making or maintaining any filing with the United States Copyright Office or any governmental agency, ASCAP or any other musical performing rights society, whether domestic or foreign, or any other entity in

which ownership rights, in whole or part, are claimed by Defendants and/or the Related Parties in the Musical Composition and/or the Sound Recording.

      b)      Declaring that neither Defendants nor the Related Parties possess a copyright interest in the Musical Composition or the Sound Recording.

      c)      Awarding damages to Tullis, including Tullis's lost profits, and requiring Defendants to account for and pay over to Tullis the profits realized by Defendants from the Musical Composition; or, at Tullis's election, awarding statutory damages for infringement of the Musical Composition commencing after the effective date of the registration.

      d)      Awarding damages for conversion.

      e)      Awarding interest, including pre-judgment interest, on the foregoing sums.

      f)      Awarding costs, including attorneys' fees.

      g)      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

Dated:  December 16, 2014

        Respectfully submitted,

        /s/ Lisa Moore
        Lisa Moore
        Georgia Bar No. 419633
        Andrew Pequignot
        Georgia Bar No. 424546
        THE MOORE FIRM, LLC
        Suite M-102, 887 West Marietta Street
        Atlanta, Georgia 30318
        (404) 748-9596 (telephone)
        (404) 565-2941 (facsimile)
        lisa@themoorefirm.com
        andrew@themoorefirm.com

        *Attorneys for Plaintiffs*